

Kevin Smith
2405 Beechwood Ave
San Jose, California
(408) 247-4782

UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Educational Financial Counselors, in Pro Per, | Case No.: [To be assigned] |
| and | COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF |
| Kevin Smith, in Pro Per, | [42 U.S.C. § 1983; California Public Records Act; Theft of Private Property] |
| Plaintiffs | |
| v. | DEMAND FOR JURY TRIAL |
| CITY OF CAPITOLA/CAPITOLA POLICE DEPARTMENT; OFFICER NOAH SHERIN; OFFICER GUILLERMO VASQUEZ; OFFICER PEDRO ZAMORA; OFFICER HERIBERTO ESTRADA; TEHNICIAN RACHEL TATE; TECHNINCIAN NATALIE XILONZOCHILT; KJRB, INC. dba AUTO CARE TOWING; KELVIN C. RAMER; JANETTE RAMER; AND 20 UNKNOWN AGENTS/EMPLOYEES OF THE COUNTY OF SANTA CRUZ AND THE CITY OF CAPITOLA in their individual and official capacities | |
| Defendants | |

## I.  INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and related state law claims by Plaintiffs Kevin Smith and Kevin Smith in his capacity as trustee of the Educational Financial Counselors trust ("EFC"), against the Capitola Police Department, Auto Care Towing, and other responsible parties. Plaintiffs allege that they were unlawfully detained, searched, and deprived of their private property without a warrant, probable cause, or due process of law, in violation of their rights under the Fourth and Fourteenth Amendments to the

1

PLAINTIFF'S COMPLAINT FOR DAMAGES

United States Constitution. Plaintiffs further allege violations of the California Public Records Act (CPRA) and theft of, and damage to, private property. They seek declaratory and injunctive relief to prevent ongoing harm and intimidation. They also seek redress for constitutional violations, declaratory rulings clarifying the scope of California vehicle laws as applied to unregistered private conveyances, and equitable and punitive damages.

## II. JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as the claims arise under the Constitution and laws of the United States, including 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy under Article III of the United States Constitution.

## III. VENUE

Venue is proper in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 84 and 1391 because a substantial part of the events or omissions giving rise to the claims occurred in Capitola and Santa Cruz County, California, which are located within this judicial district. The unlawful detention, warrantless search, and impoundment of Plaintiffs' property occurred within the jurisdiction of the Capitola Police Department, and the related administrative denials and harms alleged by Plaintiffs were initiated or enforced within this district.

## IV. PARTIES

1. Plaintiff EFC is a private trust organized on private property on the land mass known as California and Plaintiff Kevin Smith is the trustee. EFC is the lawful owner of the private car at issue.

2. Plaintiff Smith is a living man with Stage 4 prostate cancer who currently lives in San Jose, California.

3. Defendants SHERIN, VASQUEZ, ZAMORA, and ESTRADA are officers of CAPITOLA POLICE DEPARTMENT.

2

4. Defendants TATE and XILONZOCHILT are records technicians of the CAPITOLA POLICE DEPARTMENT.

5. Defendants KELVIN C. RAMER and JANETTE RAMER are owners of KJRB Inc. dba Auto Care Towing, a contractor for CITY OF CAPITOLA/CAPITOLA POLICE DEPARTMENT.

## V.  FACTUAL ALLEGATIONS

1. Educational Financial Counselors (EFC), the trust which owns the Car, possesses all incidents of ownership, including the bill of sale, MCO, and nine years of uncontested possession. The car has never been registered with any state agency and is used exclusively for private, non-commercial transportation so as to not create actions which would impair the use of the Car on the common roadways.

2. Plaintiff Smith rescinded his signature upon the contract of the CALIFORNIA DRIVER LICENSE N7025380 in 2019 and has not used it since.

3. Plaintiff Smith and Catherine Duan were occupants of the car on October 12, 2024.

4. On October 12, 2024, Smith and Duan were searching for a place where Smith, who has Stage IVb cancer, could get some warm food in a safe place to eat. They were traveling in the car at a safe speed, not violating any traffic laws and committing no crime.

5. On October 12, 2024, without a warrant, probable cause, or reasonable suspicion, officer SHERIN initiated a traffic stop and detained Smith and Duan.

6. Upon approaching the right side window, which Duan had rolled down for him, officer SHERIN stated that he initiated the stop because no plates are on the car. When Smith informed him that the car had intentionally never been registered in order for the Trust to maintain 100% private ownership of the car, SHERIN labeled him a "Sovereign Citizen" over his radio and summoned the other named officers to the scene. Plaintiffs believe that those officers included OFFICER GUILLERMO VASQUEZ; OFFICER PEDRO ZAMORA; and OFFICER HERIBERTO ESTRADA, and that their beliefs about Smith and Duan- and their ensuing actions toward them- were prejudiced by SHERIN'S labeling.

3

PLAINTIFF'S COMPLAINT FOR DAMAGES

7. Officer SHERIN was unable to produce a search or arrest warrant, was unable to articulate probable cause of a crime being committed, was unable to articulate reasonable suspicion of a crime, was informed by Smith that no crime had been committed and that Smith had returned his license years ago so as to remove jurisdiction of the DMV.

8. Officer ZAMORA stated that he had no knowledge of a search warrant when, after VASQUEZ had searched under the license plate placard without Smith's permission, asked by Smith if they had one.

9. Smith asked if he was free to go and Officer SHERIN replied, "No", that he was being detained.

10. Officer SHERIN commanded Smith and Duan from the car.

11. Without a warrant, probable cause, or reasonable suspicion, officers of the Capitola Police Department- believed to include SHERIN, VASQUEZ, ZAMORA, and ESTRADA- conducted a warrantless search of the Car and impounded it without consent from Smith, the trustee of EFC.

12. When SHERIN was badgering Smith with demands, Duan informed SHERIN that Smith had cancer, yet SHERIN forced, under threat of incarceration, Smith to stand still in the cold and would not allow him to try to get warm clothing from the Car or otherwise get warm while SHERIN endeavored to impose an unconscionable contract upon Smith.

13. Plaintiffs did not consent to any form of non-judicial decision making in any type of matter where they would be punished in any method or manner, including, but not limited to, any type of assessments, fines, or fees.

14. Plaintiffs did not consent to any statutory or regulatory rules or accept the application of any statutory or administrative punishment upon themselves or their property.

15. Plaintiffs did not consent to any fees and penalties arising from agreements, implied or otherwise, imposed by threat and intimidation, and those made under duress.

16. Plaintiffs did not consent to any instrument that could or would constitute a Bill of Attainder/Bill of Pains and Penalties.

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

17. Plaintiffs did not consent to enter a plea to, or participate in, any case or matter where such acts would tend to serve as a waiver of any of their God-given, constitutionally protected rights, including, but not limited to:

    a. The right to have proper notice of the charges being made against them by service of a valid written, sworn, and verified complaint, and a proper charging instrument signed and filed by the appropriate State officer in his/her official capacity;

    b. The right to have the facts of the charge(s) heard by a jury of their peers in the first instance of presentation of evidence and testimony, not only upon appeal, if ever at all;

    c. The right to be presumed innocent until proven guilty in a court of law by a jury of their peers;

    d. The right to face their accusers in open court and examine the facts of the allegations made by said accuser;

    e. The right to have the accuser bear the burden of proof rather than having it reversed so that it is upon the accused to prove innocence;

    f. The right to remain silent and/or to assistance of counsel;

    g. The right to protection against punishment unless and until being convicted by a jury of their peers based only upon factual evidence that they committed a crime.

18. Under intimidation, duress, cancer fatigue and stress, Smith was compelled by SHERIN to put ink on the Notice To Respond (NTR). In doing so, he reserved his rights by writing "All Rights Reserved UCC 1-308" on the NTR, signifying that he did not agree to the unconscionable contract that SHERIN forced upon him.

19. It is believed that SHERIN ordered the Car towed by Defendant AUTO CARE TOWING with the assistance of ZAMORA, RANKIN, and others.

20. The impoundment was carried out by AUTO CARE TOWING, acting in concert with Capitola Police personnel, including ZAMORA and others. ZAMORA,

5

PLAINTIFF'S COMPLAINT FOR DAMAGES

XILONZOCHILT, TATE and others participated in the theft of property by processing, documentation, and administrative handling of the impoundment, such as ordering AUTO CARE TOWING to take possession of, and confine under lock and key, the Car.

21. The officers left Smith and Duan in the cold, dark evening to find a way to get to their homes on the other side of the Santa Cruz mountains.

22. Smith contacted the CAPITOLA POLICE DEPARTMENT by phone several times during the weeks following the theft to seek return of the private property. ZAMORA informed Smith that proof of registration and license was required to recover the private property, even though Smith explained that the Car had never shared or surrendered title with any public entity, and that EFC was in possession of the organic title.

23. On November 11, 2024, Smith searched the SUPERIOR COURT, COUNTY OF SANTA CRUZ Web site. No case involving him or the Car was presented on the site.

24. On December 2, Smith inquired of Charles at SUPERIOR COURT, COUNTY OF SANTA CRUZ. Charles told him that no case existed in the system, and that he will have 30 days to respond if he gets something in the mail.

25. Smith received a bill from SUPERIOR COURT, COUNTY OF SANTA CRUZ during Christmas, on December 23, 2024, demanding payment by January 21, 2025. Smith called the SUPERIOR COURT, COUNTY OF SANTA CRUZ several times trying to get more information and inform the court of its lack of jurisdiction, but was repeatedly told to call back.

26. On January 31, 2025, Smith received a Notice of Failure to Comply from SUPERIOR COURT, which failed to contain any rebuttals to the facts Smith had established in his jurisdictional challenge.

27. On February 20, 2025, Smith received a Collection Notice from Alliance One, based upon a collection action referred to it by the SUPERIOR COURT.

28. On March 5th, 10th, and 11th, 2025, Smith contacted SUPERIOR COURT by phone and email, asking for the court's records pertaining to the case, and seeking documents such as a verified complaint, a copy of the summons, proof of jurisdiction, the judicial decision,

PLAINTIFF'S COMPLAINT FOR DAMAGES

and the judicial order to provide Smith's personal, privileged information to Alliance One without his consent, and direct Alliance One, a private contractor, to initiate a collection action.

29. On March 13th, Smith received a letter from the SUPERIOR COURT CEO stating that the case in the hands of Alliance One so Smith has to contact that company.

30. Smith, on behalf of the Plaintiffs, filed a Public Records Act request with the CAPITOLA POLICE DEPARTMENT and demanded that all records related to the incident and the requested records be preserved. Technicians TATE and XILONZOCHILT participated in the repeated denial of access to public records related to the incident, including bodycam footage, the police report, and dispatch records.

31. Smith, on behalf of the Plaintiffs, filed a timely tort claim with the CITY OF CAPITOLA within six months of the incident, which was rejected after 45 days. That tort claim is incorporated into this complaint.

32. Plaintiffs continue to suffer harm, including intimidation, fines, damaged property deprivation of property, and exposure to unlawful citations and debt collection.

## Claims For Relief

COUNT I - Violation of Fourth Amendment (42 U.S.C. § 1983) and California Constitution CA Const Art 1§ 13

1. Plaintiffs re-allege and incorporate all prior paragraphs.

2. Defendants SHERIN, VASQUEZ, ZAMORA, and ESTRADA, acting under color of state law and in their personal capacities, violated Plaintiffs' Fourth Amendment rights by detaining them without probable cause and conducting a warrantless search and seizure.

3. At the time of the incident, it was clearly established that warrantless searches and seizures of private property without probable cause or exigent circumstances violate the Fourth Amendment.

4. No reasonable officer could have believed that the detention and impoundment of a privately owned, unregistered vehicle used for non-commercial purposes was lawful under the circumstances.

7

5. Plaintiffs seek damages against these officers in their personal capacities for the injuries caused by their unconstitutional conduct.

COUNT II — Violation of Fourteenth Amendment (42 U.S.C. § 1983)

6. Defendants deprived Plaintiffs of property without due process of law.

7. Technicians TATE and XILONZOCHILT, acting under color of state law, contributed to the denial of due process through administrative actions that facilitated the unlawful impoundment and obstructed access to public records.

8. The denial of access to public records and the rejection of administrative remedies further violated Plaintiffs' procedural due process rights.

COUNT III — Violation of California Public Records Act

9. Defendant CITY OF CAPITOLA, through its employees including Technicians TATE and XILONZOCHILT, unlawfully denied access to public records requested under the CPRA.

10. Plaintiffs are entitled to injunctive relief and statutory damages under California law.

COUNT IV — Conversion/Theft of Property

11. Defendant AUTO CARE TOWING unlawfully took possession of Plaintiffs' Car without consent or legal authority. In the weeks following AUTO CARE TOWING's taking of the car without Plaintiffs' consent, Smith notified AUTO CARE TOWING that the Car had never been registered and that, therefore, CAPITOLA POLICE DEPARTMENT had no authority to order seizure of the property, and that, hence, AUTO CARE TOWING had no lawfully delegated authority to seize and keep the Car, nor to charge a ransom for its return, AUTO CARE TOWING prevented Smith from contacting the actual managers or owners of AUTO CARE TOWING to resolve the error and, instead, provided false and misleading information, deception, and refusal to immediately return the Car in the condition it was at the time of the theft.

12. AUTO CARE TOWING caused thousands of dollars in damage to the Car while it was locked in its warehouse, and then required Smith, as trustee for EFC, to pay thousands of dollars before it would return the Car. After specifying the amount required to surrender the Car to Plaintiffs, Plaintiffs arranged to recover the Car. Upon arrival at AUTO CARE

8

PLAINTIFF'S COMPLAINT FOR DAMAGES

TOWING's inconspicuous, locked storage warehouse, AUTO CARE TOWING proceeded to lie and deceive and change the terms for returning the Car, increasing the fees, intentionally causing delays, and changing the time window for recovering the Car.

13.  Plaintiffs allege this constitutes property damage, conversion and, under the circumstances, Grand Theft Auto.

COUNT V — Intentional Infliction of Emotional & Physical Distress

14.  Defendants SHERIN, VASQUEZ, ZAMORA, and ESTRADA engaged in extreme and outrageous conduct by unlawfully detaining Plaintiffs, searching their vehicle without a warrant, impounding it without legal justification, and denying access to records.

15.  These actions were intentional and carried out with reckless disregard for Plaintiffs' physical and emotional well-being.

16.  As a direct result, Plaintiffs suffered severe emotional distress, including anxiety, humiliation, and fear, causing propagation of cancer within his body.

COUNT VI — Negligent Infliction of Emotional & Physical Distress (California Civil Code Section 1714)

17.  Defendants owed Plaintiffs a duty to act reasonably and lawfully in the execution of their official duties.

18.  Defendants breached that duty by engaging in unlawful detention, search, seizure, and administrative obstruction.

19.  Plaintiffs were present and directly affected by these actions, which foreseeably caused emotional and physical harm.

20.  Plaintiffs suffered actual emotional distress and physical harm as a result of Defendants' negligent conduct.

COUNT VII — Violation of the Bane Act (California Civil Code § 52.1)

21.  Defendants interfered with and attempted to interfere with Plaintiffs' exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California.

9

PLAINTIFF'S COMPLAINT FOR DAMAGES

22. Defendants used threats, intimidation, and coercion- including unlawful detention, seizure of property, and denial of access to public records- to suppress Plaintiffs' rights.

23. Plaintiffs did not consent to these actions and were harmed by Defendants' conduct.

24. Plaintiffs are entitled to damages, injunctive relief, and attorney's fees under California Civil Code § 52.1(h).

COUNT VIII — Failure to Intervene (42 U.S.C. § 1983)

25. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

26. At all relevant times, DEFENDANTS SHERIN, VASQUEZ, ZAMORA, ESTRADA, TATE, and XILONZOCHILT were law enforcement officers or employees acting under color of state law and had a duty to prevent violations of Plaintiffs' constitutional rights.

27. Each Defendant was present and aware of the unlawful detention, warrantless search, seizure of property, and denial of due process being carried out by their fellow officers and/or agents.

28. Despite having the opportunity and duty to intervene, each Defendant failed to take reasonable steps to prevent or stop the constitutional violations described herein.

29. The failure to intervene by each Defendant directly and proximately caused Plaintiffs to suffer harm, including unlawful deprivation of liberty and property, emotional distress, and denial of access to legal remedies.

30. As a result of Defendants' failure to intervene, Plaintiffs are entitled to compensatory and punitive damages under 42 U.S.C. § 1983.

COUNT IX — Criminal Conspiracy (California Penal Code § 182)

31. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

32. Defendants SHERIN, VASQUEZ, ZAMORA, ESTRADA, RANKIN, LOPE, TATE, XILONZOCHILT, and AUTO CARE TOWING, along with DOES 1–10, knowingly and willfully conspired to commit acts that are unlawful under California law, including but not limited to unlawful detention, warrantless search and seizure, conversion of private

10

property, holding private property for ransom, obstruction of access to public records, and intimidation of Plaintiffs.

33. In furtherance of this conspiracy, Defendants engaged in overt acts, including initiating a traffic stop without probable cause, impounding Plaintiffs' vehicle without legal authority, denying access to public records, and rejecting administrative remedies.

34. Defendants acted in concert and with shared intent to deprive Plaintiffs of their constitutional and statutory rights, and their coordinated actions demonstrate a common plan or scheme.

35. As a direct and proximate result of this conspiracy, Plaintiffs suffered harm including loss of property, emotional distress, denial of due process, and exposure to unlawful citations and debt collection.

36. Plaintiffs seek all available remedies under California law, including compensatory damages, punitive damages, and any other relief the Court deems just and proper.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Smith, Duan, and Smith as Trustee of the EFC Trust respectfully request that this Court enter judgment in their favor and against all Defendants, and grant the following relief:

1. For compensatory damages in an amount to be determined at trial, including but not limited to money's paid to KJRB, INC. dba AUTO CARE TOWING by Plaintiffs to satisfy its ransom demand, money's paid to, or collected by, debt collectors from Plaintiffs at the primary or secondary direction of SUPERIOR COURT, COUNTY OF SANTA CRUZ, damages to the Car, damages to Smith's credit, for emotional distress, loss of property, and other economic and non-economic harms;

2. For punitive damages against individual Defendants sued in their personal capacities, to deter future violations of constitutional rights;

3. For declaratory relief that:
   - The search, seizure and impoundment of Plaintiffs' privately owned, unregistered property violated the Fourth and Fourteenth Amendments;

11

PLAINTIFF'S COMPLAINT FOR DAMAGES

- The denial of access to public records violated the California Public Records Act;
- The application of California vehicle registration laws to non-commercial, private conveyances is unconstitutional as applied to Plaintiffs;

4. For injunctive relief prohibiting Defendants from:

- Further impounding or interfering with Plaintiffs' private conveyances absent lawful authority and probable cause;
- Denying access to public records in violation of the CPRA;
- Engaging in denial of service, intimidation, coercion, or retaliation against Plaintiffs;

5. For statutory damages under the California Public Records Act and the Bane Act;

6. For reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1(h), and other applicable law;

7. For pre-judgment and post-judgment interest as allowed by law;

8. For such other and further relief as the Court deems just and proper.


Respectfully submitted,

By:

_____          10/31/2025
Kevin Smith, In Pro Per                                        Date

By:

_____          10/31/2025
Kevin Smith, Trustee of EFC, In Pro Per               Date

12

**PLAINTIFF'S COMPLAINT FOR DAMAGES**