UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUCATIONAL FINANCIAL COUNSELORS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CAPITOLA / CAPITOLA POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No.  25-cv-09421-VKD<br><br>**ORDER TO SHOW CAUSE RE FAILURE TO PROSECUTE** |

On October 31, 2025, plaintiff Kevin Smith and a trust, the Educational Financial Counselors ("EFC"),[1] filed a complaint against the City of Capitola, the Capitola Police Department ("CPD"), several officers and records technicians of the CPD, KJRB Inc., a towing company, and two of KJRB Inc.'s owners.  Dkt. No. 1.

On November 5, 2025, the Court issued an order denying without prejudice Mr. Smith's application to proceed in forma pauperis ("IFP").  Dkt. No. 5.  The Court denied Mr. Smith's IFP application on two grounds:  (1) "the application omit[ed] information necessary for the Court to make an accurate assessment of Mr. Smith's assets (including those that may be held by a trust he controls) and income, as compared to his expenses, and thus [did] not show with 'particularity, definiteness and certainty' that he cannot pay the required filing fee"; and (2) "plaintiff EFC cannot qualify for IFP status" because a trust is not a "natural person" and therefore, "the required

---

[1] The complaint identifies EFC as a plaintiff, Dkt. No. 1 at 2 ¶ 1, although elsewhere in the complaint, there are allegations suggesting that Mr. Smith is suing on his own behalf and "in his capacity as trustee of [EFC]," *id.* at 1, 12.

filing fee must be paid, regardless of whether Mr. Smith might otherwise qualify for IFP status." *Id.* at 2-3. The Court gave Mr. Smith until November 26, 2025 to file an amended IFP application. *Id.* at 3. Alternatively, plaintiffs had the option to pay the filing fee by November 26, 2025. *Id.*

The Court also noted that EFC, as a trust, may not proceed without counsel. *Id.* The Court directed EFC to appear and be represented by a licensed attorney by November 26, 2025 if it wishes to continue as a plaintiff in this action. *Id.*

The November 26, 2025 deadline has passed. There is no indication on the docket that Mr. Smith has filed an amended IFP application, that plaintiffs have paid the filing fee, or that EFC has obtained counsel, although it continues to be named as a plaintiff in this action.

The Court possesses the inherent power to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). By **December 23, 2025**, plaintiffs shall file a written response to this order, showing cause why this action should not be dismissed for failure to prosecute this case. If plaintiffs do not respond to this order by the December 23, 2025 deadline, the Court will issue an order reassigning this action to a district judge with a recommendation that the complaint be dismissed for failure to prosecute and/or to comply with court orders.

**IT IS SO ORDERED.**

Dated: December 2, 2025

Virginia K. DeMarchi
United States Magistrate Judge

2